IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-41-BO-BM

| | |
|---|---|
| BAKARI GARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| FAYETTEVILLE STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on defendant's motion to dissolve a state-court issued temporary restraining order or deem it expired and defendant's motion to dismiss. Plaintiff has also moved to amend his complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for disposition. For the reasons that follow, defendant's motions are granted and plaintiff's motion is denied.

## BACKGROUND

On January 24, 2025, a superior court judge in Cumberland County, North Carolina granted plaintiff's motion for temporary restraining order in part and ordered defendant to admit plaintiff to its Accelerated Bachelor of Science in Nursing Program (ABSN), enroll him in classes, and permit him to attend class until further order of the court. [DE 1-5]. The temporary restraining order was to remain in effect until a hearing on January 30, 2025, or as soon thereafter as the court could hear the case. *Id.*

On January 29, 2025, prior to the expiration of the temporary restraining order, defendant removed the case to this Court on the basis of its federal question jurisdiction. [DE 1]. Defendant

thereafter filed a motion to dissolve the temporary restraining order [DE 8] and a motion to dismiss. [DE 13]. Plaintiff, who proceeded in this action *pro se*, responded in opposition to defendant's motions and defendant filed replies. Defendant also filed a motion for hearing. [DE 15]. Plaintiff, while still proceeding *pro se* filed a motion to amend his complaint, to which defendant has responded in opposition. On August 7, 2025, counsel noticed an appearance on behalf of plaintiff. [DE 25]. Counsel has filed no other documents in this case, other than her notice of appearance.

In his complaint, plaintiff alleges that he was admitted to defendant's ABSN program and completed all requirements for enrollment, including academic and financial obligations. [DE 1-2] ¶ 5. He alleges that he is a veteran and entitled to ADA accommodations and that he has faced procedural inconsistencies and has not been provided reasonable accommodations. *Id.* ¶ 6. Plaintiff alleges that procedural delays concerning his grades in NURS 350 and NURS 350L impacted his academic standing and violated defendant's policies. Plaintiff filed three formal grade appeals during the Fall 2024 semester but defendant failed to resolve those appeals by the end of the semester. *Id.* ¶¶ 7-8. Plaintiff alleges that he has formally requested ADA accommodations, including adjustments to grading, that defendant has failed to address and which has prevented his academic success. *Id.* ¶ 9.

Plaintiff expressly alleges a claim for breach of contract and seeks injunctive relief prohibiting defendant from denying his enrollment and permitting him to continue with his courses. Plaintiff further seeks an order requiring defendant to provide him with a grade of incomplete in NURS 350 and NURS 350L pending the resolution of his academic appeals. As defendant argues in its motion to dismiss, liberal construction of plaintiff's complaint reveals that he has also alleged claims under the Americans with Disabilities Act (ADA).

2

DISCUSSION

A. *Motion to dissolve TRO or deem TRO expired*

"An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439–40 (1974). Rule 65(b) imposes a fourteen-day limit on temporary restraining orders. Fed. R. Civ. P. 65(b)(2). Defendant has established that the state temporary restraining order was issued ex parte, and thus, as no extension was obtained by plaintiff, it expired at the latest fourteen days from the date of removal, or on February 12, 2025. Defendant's motion to dissolve the temporary restraining order is granted in part, and the Court deems the temporary restraining order expired. *See Edwards v. New Day Fin., LLC*, No. 1:22-CV-00038-MR-WCM, 2022 WL 16796835, at *3 (W.D.N.C. Sept. 29, 2022), *report and recommendation adopted*, No. 1:22-CV-00038-MR-WCM, 2022 WL 15798582 (W.D.N.C. Oct. 28, 2022).

B. *Motion to dismiss*

Defendant moves to dismiss plaintiff's complaint for failure to effect service and failure to state a claim.

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must

3

demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Defendant has established for the purposes of its motion that a summons has not been issued to the defendant, and the Court thus lacks personal jurisdiction over defendant. Without a duly issued summons, any service on defendant is not effective under the rules. *See* N.C. Gen. Stat. § 1A-1, Rule 4; Fed. R. Civ. P. 4(c)(1); *Gulley v. Rex Hosp., Inc.*, No. 5:14-CV-00127-F, 2014 WL 4537185, at *2 (E.D.N.C. Sept. 11, 2014). Although plaintiff requests an opportunity to cure this deficiency, such request is denied because he has failed to state a claim upon which relief can be granted.

4

Plaintiff appears to allege claims under the ADA for disparate treatment and failure to accommodate. Title II of the ADA prohibits qualified individuals with a disability from being "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or [] subjected to discrimination by any such entity" because of the individual's disability. 42 U.S.C. § 12132. Title II of the ADA is applicable to plaintiff's educational claims against defendant, and in order to state a claim he must plausibly allege facts which would ultimately tend to show that "(1) he has a disability; (2) he is otherwise qualified for the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service on the basis of his disability." *Manning v. N. Carolina State Univ.*, 724 F. Supp. 3d 438, 460 (E.D.N.C. 2024). "An individual is disabled under the ADA . . . if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Davis v. Univ. of N. Carolina*, 263 F.3d 95, 99 (4th Cir. 2001); *see also* 42 U.S.C. § 12102(1)(A).

In his complaint, plaintiff alleges that he is an individual entitled to accommodation under the ADA. This legal conclusion is entitled to no weight, and plaintiff has not plausibly alleged that he is disabled under the ADA. Plaintiff has further not plausibly alleged that he is otherwise qualified to participate in the ABSN program. Plaintiff describes his appeal of three grades in the Fall 2024 semester which has impacted his academic standing. Absent any factual enhancement, plaintiff's allegations do not support an inference that he was otherwise qualified for the ABSN program.

Plaintiff has also failed to plausibly allege that he was denied a reasonable accommodation. A person is a qualified individual under the ADA if "with or without reasonable modifications to

5

rules, policies, or practices, ... [he] meets the essential eligibility requirements for participation in a program or activity." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 462 (4th Cir. 2012) (internal quotation and citation omitted).

Here, plaintiff has failed allege facts which would show that he meets the eligibility requirements for the ABSN program, the type of accommodations he requested, and whether his requests were denied. Plaintiff has failed to plausibly allege an ADA reasonable accommodation claim.

Plaintiff has also failed to plausibly allege a claim for breach of contract. A claim for breach of contract under North Carolina law requires a plaintiff to show there "(1) existence of a valid contract; and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C.App. 19, 26 (2000) (citation omitted). Plaintiff's allegations fail to identify the existence of any contract between plaintiff and defendant. Plaintiff argues in opposition to the motion to dismiss that defendant's policies and syllabi create an enforceable contract. But "absent an allegation of an enforceable contract explicitly including or incorporating policies or procedures outlined in a college handbook, a student cannot premise a breach of contract claim on those policies and procedures." *Shaw v. Elon Univ.*, 400 F. Supp. 3d 360, 366 (M.D.N.C. 2019). Moreover, even to the extent such policies could form the basis of a contract, *see Doe v. Wake Forest Univ.*, 671 F. Supp. 3d 624, 631 (M.D.N.C. 2023), plaintiff's allegations here amount to no more than bare, speculative conclusions and he has failed to plausibly allege the existence of a contract which was breached by defendant.

Finally, a claim for punitive damages "is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims." *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013). Insofar as plaintiff has

6

attempted to allege a claim for punitive damages, because his underlying claims are dismissed, this claim is also dismissed.

C. *Motion to amend*

Plaintiff seeks leave to amend his complaint. A request to amend a complaint should be freely given, and denied only when granting leave to amend would be, *inter alia*, futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted); Fed. R. Civ. P. 15. Defendant opposes granting leave to amend and argues that doing so would be futile. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In his proposed amended complaint, plaintiff again alleges claims for violation of the ADA and breach of contract and adds claims for retaliation, violation of equal protection and due process under 42 U.S.C. § 1983, and violation of the Uniformed Service Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301, *et seq.*

In his proposed amended complaint, plaintiff does provide additional factual allegations regarding his disability. Plaintiff's proposed amended complaint still fails, however, to plausibly allege that he was otherwise qualified to participate in the ABSN program and that he was denied access to that program on the basis of his disability. Plaintiff's allegation that he was otherwise qualified to participate in the ABSN program, without any factual enhancement, is speculative and conclusory. *See* [DE 20] ¶ 22.

7

Plaintiff's proposed amended complaint adds factual support regarding his failure to accommodate claim by including the accommodations which he was approved to receive on the basis of his disability, including extended time for testing, a private testing environment without distractions, and access to recordings of lectures and clarification opportunities. [DE 20] ¶ 8. Plaintiff then alleges that he was not provided these accommodations because he was not provided with a private, distraction free testing-taking space and was not given clarification on assignments and grades. However, plaintiff's allegations as to his reasonable accommodations are contrary to documentation he has submitted in support of his opposition to the motion to dismiss. [DE 16-14]. That document, which the Court may consider because it is integral to the complaint and its authenticity is not in dispute as plaintiff himself has submitted it, *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014), shows that plaintiff was not provided the reasonable accommodations of a private, distraction-free testing site and clarification opportunities. Rather, the reasonable accommodations afforded to plaintiff were additional time on tests, exams, and quizzes; alternative testing location; and the ability to record lectures. [DE 16-14]. Accordingly, plaintiff's allegations that he did not receive the reasonable accommodations to which he was entitled fail to state a plausible claim, because he was not actually afforded those accommodations. Other than the specific facts outlined above, plaintiff's ADA failure to accommodate claim again contains bare assertions and legal conclusions, which are insufficient to state a claim.

Plaintiff's amended complaint also alleges a claim for retaliation, without citing any specific statutory provision, and the Court assumes without deciding that plaintiff intends to allege an ADA retaliation claim. "To state a retaliation claim under Title II of the ADA, a plaintiff must allege that (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Manning*, 724 F. Supp. 3d at

461 (internal quotation and citation omitted). Plaintiff alleges that he filed complaints and requested reasonable accommodation and that he was removed from the ABSN program. Although plaintiff may have plausibly alleged the first two elements of a retaliation claim, he has failed to plausibly allege a causal link between the protected conduct and his removal from the program. "An adverse action that bears sufficient temporal proximity to a protected activity may, along with the existence of other facts, suggest that the adverse employment action occurred because of the protected activity." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021). Here, plaintiff has provided no dates of any action from which the Court could infer temporal proximity between any alleged protected conduct and his removal from the ABSN program. Plaintiff has, therefore, failed to state a plausible retaliation claim.

In support of his proposed breach of contract claim, plaintiff again fails to identify any specific contractual promise that would give rise to any claim for breach of contract. Plaintiff's § 1983 claim against defendant also fails, as defendant has not waived Eleventh Amendment immunity for such suits and it is not a person subject to suit under § 1983. *See Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020); *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138, 1139 n.6 (4th Cir. 1990); *Kirby v. N. Carolina State Univ.*, No. 5:13-CV-850-FL, 2015 WL 1036946, at *3 (E.D.N.C. Mar. 10, 2015).

Finally, plaintiff's proposed USERRA claim is implausible. "USERRA was enacted in 1994 and significantly broadened the protection afforded those in military service by prohibiting discriminatory actions where the employee's military status is a "motivating factor" in the decision, even if the employee's military status is not the sole factor in the decision." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312 (4th Cir. 2001). Its protections apply to employees and those seeking employment. *Butts v. Prince William Cnty. Sch. Bd.*, 844 F.3d 424, 430 (4th Cir.

2016). Plaintiff has alleged that he is or was a student, and thus USERRA's protections do not extend to him in this context.

Accordingly, the Court finds that granting leave to amend would be futile because plaintiff's proposed amended complaint fails to allege any plausible claims for relief.

## CONCLUSION

In sum, for the foregoing reasons, defendant's motion to dissolve the temporary restraining order or deem it expired [DE 8] is GRANTED in part and DENIED in part and the temporary restraining order is deemed expired. Defendant's motion to dismiss [DE 13] is GRANTED and plaintiff's motion to amend his complaint [DE 20] is DENIED. Defendant's motion for hearing [DE 15] is DENIED as moot. The clerk is DIRECTED to close the case.

SO ORDERED, this __19__ day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE